The Honorable Sandra Prater State Representative 9202 Sayles Road Jacksonville, AR 72076-8899
Dear Representative Prater:
You have presented the following questions for my opinion:
 (1) If a citizen has multiple traffic violations such as traffic tickets, DUI, or failure to appear, and the violations are in more than one county, does that person have to pay a reinstatement fee for each violation or in each county?
 (2) If that person's driver's license is reinstated for one of the offenses, is it reinstated regarding the other violations?
I must note as an initial matter that I cannot opine concerning any particular case. I can only review the applicable legal principles. The discussion herein should not be interpreted as a commentary or a recommendation concerning the outcome of any particular case, or concerning the result of the application of the principles discussed herein to any particular case.
RESPONSE
Question 1 — If a citizen has multiple traffic violations such as traffictickets, DUI, or failure to appear, and the violations are in more thanone county, does that person have to pay a reinstatement fee for eachviolation or in each county?
It is my opinion that regardless of the number of offenses or violations on a person's record, he can be required to pay the applicable reinstatement fees only once for the reinstatement of his driver's license. I note, however, that the law is not entirely clear on this issue, and legislative action is warranted.
I have recently issued Opinion No. 2004-189, in which I addressed a question that was similar to yours. I have enclosed a copy of that opinion for your consideration. That opinion involved a situation in which a driver had been convicted multiple times of Driving While Intoxicated. The person's driver's license had been suspended at the time of his first conviction. He did not get his license reinstated, but nevertheless drove again while intoxicated and received additional DWI convictions. I opined that when this person finally decided to seek reinstatement of his license, he could be required to meet the conditions for reinstatement only once, rather than for the number of convictions on his record. I noted that Arkansas law authorizes the imposition of various reinstatement fees, depending on the offense for which the person's license had been suspended. See A.C.A. §§ 5-65-119; 5-65-304; 27-16-808. I pointed out that although more than one of these fees may be imposed in some cases, the statutes permit their imposition only once when the person seeks reinstatement, regardless of the number of offenses on his record for which his license could have been suspended.
The same principle applies in the situation you have described. Regardless of the number of offenses that could provide a basis for the suspension of a person's driver's license, once it has been suspended for any one of those offenses, it need only be reinstated once. Accordingly, the applicable fees can be imposed only once.
This conclusion is based in part upon the logic that a license that has already been suspended cannot be suspended again during the original suspension period; during that time period, there is no license to suspend. It is my understanding that typically, if a person whose license has already been suspended commits another offense for which his license could be suspended, the courts will simply extend the original suspension. A person in this position has technically received only one suspension and needs only one reinstatement. He can thus only be required to pay the applicable fees once for that reinstatement.
I note, however, that this person must meet all conditions for reinstatement. This issue is discussed below in response to Question 2.
Question 2 — If that person's driver's license is reinstated for one ofthe offenses, is it reinstated regarding the other violations?
A person whose license has been suspended and who has been convicted of multiple offenses, any one of which could have provided a basis for suspension of the license, must satisfy all conditions associated with each offense for the reinstatement of his license.
Different conditions for reinstatement may be imposed after conviction of different offenses. For example, a person whose license was suspended as a result of a conviction of Driving While Intoxicated is required to attend an alcohol education program before his license can be reinstated. See A.C.A. § 5-65-104; A.C.A. § 5-65-115; A.C.A. § 5-65-307; A.C.A. § 5-65-402. If, as a result of the person's convictions for other offenses, the suspension of his license has been extended, and if the law governing those offenses imposes other conditions for reinstatement, the person must satisfy those conditions, in addition to those imposed in connection with all other offenses for which he was convicted, before his license can be reinstated. I note, however, that each such condition need be satisfied only once for reinstatement, as discussed more fully in Opinion No. 2004-189 and in response to Question 1, above. For example, if a person has multiple Driving While Intoxicated convictions, and his license was suspended for the first such conviction and the suspension was extended for the subsequent convictions, he need attend only one alcohol education program in order to satisfy the condition for the reinstatement of his license.
I reiterate that the issues you have raised are not squarely addressed by the current law. Legislative clarification is warranted.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General